IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM JAY REYNOLDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.   3:10-cv-143 |
| ) | |
| TRE HARGETT, acting under the color ) | Judge Haynes |
| of state law and in his official capacity as ) | |
| Secretary of State of the State of ) | |
| Tennessee, and individually, ) | |
| ) | |
| Defendant. ) | |

## ~~JOINT PROPOSED~~ CASE MANAGEMENT ORDER No. 1

Pursuant to Court Order the parties of this cause submit the following proposed case management order for a case management hearing currently scheduled for Monday, April 5, 2010 at 2:00 p.m.

## I. Jurisdiction and Venue

Upon Defendant's removal of this matter from the Chancery Court of Davidson County, Tennessee, both parties agree that jurisdiction and venue are proper in this Court.

## II. Parties' Theories of the Case

### 1. Plaintiff's Theory of the Case

Defendant Secretary of State Tre Hargett unlawfully terminated Plaintiff William Jay Reynolds from his employment as an administrative law judge with the State of Tennessee. Only weeks after Mr. Reynolds communicated with his state representative about his vote for Secretary of State and about the limitations caused by Mr. Reynolds' disability, Mr. Hargett acted with discriminating and political motivation and retribution by terminating Mr. Reynolds, an administrative judge with no prior negative comments on his annual performance reviews, under the pretext of poor performance on Mr. Reynolds' birthday.

1

For these reasons, Mr. Reynolds asserts various alternative claims arising from Mr. Reynolds' free speech and substantially limiting disability against Mr. Hargett in both his individual and official capacity.

Mr. Reynolds' state law claim against Mr. Hargett, in his official capacity, under the Public Employee Political Freedom Act, Tenn. Code Ann. § 8-50-601, arises from Mr. Hargett's termination of Mr. Reynolds for communicating with his state representative.

Mr. Reynolds' state and federal law claims against Mr. Hargett, in his official capacity, under the Tennessee Disability Act, Tenn. Code Ann. § 8-50-103, and the Americans with Disabilities Act, 42 U.S.C. § 12101, arise from Mr. Hargett's termination of Mr. Reynolds because of his substantially limiting disability without providing reasonable accommodation.

Mr. Reynolds' federal claim against Mr. Hargett, in his official capacity, under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, arises from Mr. Reynolds', an otherwise qualified individual with a disability, exclusion from the participation in, denial of the benefits of, or subjection to discrimination by Mr. Hargett in Mr. Reynolds' job as an administrative judge, solely because of Mr. Reynolds' disability.

Finally, Mr. Reynolds asserts a federal law claim against Mr. Hargett, individually, under 42 U.S.C. § 1983, for Mr. Hargett's acts, omissions, policy, practice, and/or custom which have violated Mr. Reynolds' right to communicate with his state representative, a form of speech protected under the First Amendment to the United States Constitution.

**2. Defendant's Theory of the Case**

Tre Hargett terminated the Plaintiff because he performed his job more poorly than the other administrative law judges. Among other things, the Plaintiff failed to timely submit orders, which caused many litigants to complain and tarnished the reputation of the Secretary of State's

Office. Documents prepared and maintained by the Secretary of State's Office prior to Mr. Hargett's election show that the Plaintiff was the lowest performing administrative law judge.

Any conversations the Plaintiff may have had with Representative Dennis played no part in Mr. Hargett's decision to terminate the Plaintiffs employment. The decision to terminate occurred prior to Mr. Hargett's learning of the Plaintiffs conversations with the Representative. Furthermore, even if Mr. Hargett had been aware of the Plaintiffs conversations, only the Plaintiff s work performance was considered when making the decision to terminate. Mr. Hargett is also entitled to qualified immunity concerning Plaintiff s § 1983 claim.

Plaintiff was not terminated due to his disability. While working for the Secretary of State's Office, Plaintiff requested only two workplace accommodations, both of which he received: 1) he was given a parking space close to the building; and, 2) when requested, he was allowed to conduct hearings in buildings that provided easier access. He was never given an accommodation that would allow him to submit orders in an untimely fashion because such an accommodation would have been unreasonable. Plaintiff's disability played no part in his poor work performance.

Finally, according to the after-acquired-evidence rule, Plaintiff should have been terminated some years ago, and therefore, may not recover certain damages in this action.

## III. Schedule of Pretrial Proceedings

### A. Rule 26(a)(1) Disclosure

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within (30) days from the date of the initial case management conference.

### B. Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. A representative of the Secretary of State's Office who has

3

Case 3:10-cv-00143   Document 14   Filed 04/02/10   Page 3 of 7

Case 3:10-cv-00143   Document 19   Filed 04/07/10   Page 3 of 6 PageID #: 117

the authority to settle shall attend this meeting. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution CADR") procedures under the Local Rules would further assist the parties in resolving this matter.

C.   **Other Pretrial Discovery Matters**

As determined at the case management conference on Monday, April 5, 2010, this action is set for a jury trial on Tuesday, May 3, 2011, at 9:00 a.m.

If this action is to be settled, the Law Clerk shall be notified by noon, Friday, April 29, 2011. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held Monday, April 18, 2011, at 1:30 p.m. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on December 31, 2010. All written discovery shall be submitted in sufficient time so that the response shall be in hand by July 31, 2010, with the exception of Requests for Admission, which may be served on or before November 1, 2010. All discovery related statements (except as related to requests for admissions) shall be filed by the close of business on August 7, 2010. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions and Daubert motions shall be filed by the close of business on January 31, 2011, and any response thereto shall be filed by the close of business on March 2, 2011.

Any reply shall be filed by the close of business on March 11, 2011. Counsel shall e-mail memoranda of law and responses to statements of undisputed facts to the Court's chambers in Megan Gregory@tnmd.uscourts.gov.

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

The response time for all written discovery and requests for admissions is reduced from thirty (30) to twenty (20) days.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions or purposes of the overall number. In all other respects, Rule 9(a), Local Rules of Court (effective March 1, 1994) shall govern.

By the close of business on September 1, 2010, the plaintiff shall declare to the defendant (not to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26( a )(2)(B).

No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.

By the close of business on October 1, 2010, the defendant shall declare to the plaintiff (not to file with the Court) the identity of their expert witnesses and provide all the information specified in rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on October 29, 2010. There shall not be any rebuttal expert witnesses.

In order to reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses.

Local Rule I 2(c)(6)(c) (effective March 1, 1994) relating to expert witnesses shall apply in this action, and strict compliance is required. *Trial June 14, 2011 at 9:00 am*

*Final Pretrial Conference May 23, 2011 at 1:30*

It is so **ORDERED**.

**ENTERED** this the 5th day of April, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge